IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

GREGORY VIRGIL MAGGARD, # 275147,    )
)
            Petitioner,      )
)
    v.              )   Civil Action No. 2:15cv570-MHT
)           (WO)
LOUIS BOYD, *et al.*,     )
)
            Respondents.    )

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Acting *pro se*, Alabama inmate Gregory Virgil Maggard ("Maggard") brings this petition for writ of habeas corpus under 28 U.S.C. § 2254 challenging his convictions for two counts of sodomy in the first degree and one count of sexual abuse of a child less than 12 years old.  Doc. No. 1.[1]

## I.   BACKGROUND AND PROCEDURAL HISTORY

On October 20, 2010, an Elmore County jury found Maggard guilty of two counts of sodomy in the first degree, in violation of § 13A-6-63, Ala. Code 1975,  and one count of sexual abuse of a child less than 12 years old, in violation of § 13A-6-69.1, Ala. Code 1975.  On November 16, 2010, the trial court sentenced Maggard to consecutive terms of 176 months' imprisonment for the sodomy counts, to run concurrently with a term of 36 months' imprisonment for the sexual-abuse count.

---

[1] References to "Doc. No(s)." are to the document numbers of the pleadings, motions, and other materials in the court file, as compiled and designated on the docket sheet by the Clerk of Court.  Pinpoint citations are to the page of the electronically filed document in the court's CM/ECF filing system, which may not correspond to pagination on the "hard copy" of the document presented for filing.

Maggard appealed, raising claims that the trial court erred by (1) allowing the State to ask him during cross-examination if he was calling the victim a liar; (2) allowing the State to ask him on the stand if he made misleading statements to the district court during his bond reduction hearing; and (3) allowing one of the State's experts to testify when the State did not disclose certain documentation related to the expert's testimony until after the trial began.  *See* Doc. No. 6-4.

On October 21, 2011, the Alabama Court of Criminal Appeals issued a memorandum opinion affirming Maggard's convictions and sentence. Doc. No. 6-6. Maggard applied for rehearing, which was overruled on November 18, 2011.  Doc. Nos. 6-7 & 6-8.  Maggard then filed a petition for writ of certiorari with the Alabama Supreme Court, which that court denied on March 9, 2012.  Doc. Nos. 6-9 & 6-10.

Around August 10, 2012, Maggard filed a *pro se* petition in the trial court seeking post-conviction relief under Rule 32 of the Alabama Rules of Criminal Procedure.  *See* Doc. No. 6-12 at 3–85.  In his Rule 32 petition, Maggard alleged numerous instances of ineffective assistance of trial and appellate counsel and various instances of trial court error and prosecutorial misconduct.  *Id.*

On May 20, 2013, the trial court entered an order denying Maggard's Rule 32 petition.  *Id.* at 193.  Maggard appealed, and on January 30, 2015, the Alabama Court of Criminal Appeals issued a memorandum opinion affirming the trial court's judgment denying Maggard's Rule 32 petition.  Doc. No. 6-16.  Maggard applied for rehearing, which the Alabama Court of Criminal Appeals overruled on March 6, 2016.  Doc. Nos. 6-

17 & 6-18.  Maggard filed a petition for writ of certiorari with the Alabama Supreme Court,

which that court denied on May 15, 2015.  Doc. Nos. 6-19 & 6-20.

On July 30, 2015, Maggard initiated this habeas action by filing a § 2254 petition

asserting the following claims:

1. The trial judge erred and abused his discretion by engaging in biased conduct and making biased remarks and rulings throughout the trial, specifically, by (a) instructing the jury that Maggard's testimony was not credible because Maggard had an interest in the outcome of the proceedings; (b) commenting in front of jurors that he had a quail-hunting trip scheduled for the next day that he intended to be on whether or not a verdict was reached; (c) making improper ex parte contacts with the jury during its deliberations to hurry jurors into reaching a verdict; and (d) allowing a State's expert to give her opinion on whether she believed the victim was credible.

2. The prosecutor engaged in misconduct by (a) insinuating during closing arguments that the absence of defense witnesses, and the absence of Maggard's mother from the courtroom until the second day of trial, was evidence of Maggard's guilt; (b) asking Maggard during cross-examination if he was calling the victim a liar; (c) vouching for the victim's credibility during closing arguments; and (d) "fail[ing] to answer nine allegations made by the petitioner in his Rule 32 petition."

3. Trial counsel rendered ineffective assistance by failing to (a) conduct a pretrial investigation; (b) obtain the report from Child Protect's initial interview with the victim; (c) object to the trial court's bias; (d) "make an election under the 'Doctrine of Election' rule" about which incidents of sodomy and sexual abuse the jury should consider in its deliberations; and (e) properly cross-examine one of the State's expert witnesses.

Doc. No. 1 at 5–9; Doc. No. 2 at 8–56.

For the reasons that follow, it is the recommendation of the Magistrate Judge that

Maggard's § 2254 petition be denied without an evidentiary hearing and this case be

dismissed with prejudice.

## II.   DISCUSSION

### A.   Claims of Trial Court Error

Maggard's § 2254 petition contains claims that the trial judge erred and abused his discretion by engaging in biased conduct and making biased remarks and rulings throughout his trial.  Doc. No. 1 at 7; Doc. No. 2 at 13–14, 37–42 & 49.  First, Maggard claims that the trial judge improperly instructed the jury that Maggard's testimony was not credible because he had an interest in the outcome of the proceedings.  Doc. No. 2 at 37–39.  Next, Maggard claims that the trial judge improperly commented in front of jurors that he had a quail-hunting trip scheduled for the next day that he intended to be on whether or not a verdict was reached.  *Id*. at 37 & 40–41.  Maggard also claims that the trial judge made improper ex parte contacts with the jury during its deliberations to hurry jurors into reaching a verdict.  *Id*.  Finally, Maggard claims that the trial judge erroneously allowed a State's expert, a forensic interviewer who interviewed the victim about the alleged sexual assaults, to give her opinion on whether she believed the victim was credible.  *Id*. at 13–14, 42 & 49.

Maggard presented these claims in his state Rule 32 petition.  Doc. No. 6-12 at 51–62.  In denying relief on these claims, the trial court found they were procedurally barred under Rule 32.2(a)(5) of the Alabama Rules of Criminal Procedure, because "they either were raised or could have been raised on direct appeal of [Maggard's] underlying case."  Doc. No. 6-12 at 193.  Rule 32.2(a)(5) of the Alabama Rules of Criminal Procedure precludes collateral relief on claims that could have been raised on direct appeal, but were not.  Ala.R.Crim.P. 32.2(a)(5).  (Rule 32.2(a)(4), which was not cited by the trial court,

precludes collateral relief on claims raised and addressed on direct appeal. *See*
Ala.R.Crim.P. 32.2(a)(4).)

A review of Maggard's *pro se* brief on appeal from the denial of his Rule 32 petition
reveals that, of the above-alleged claims of trial court error, the only claims Maggard
pursued in his appellate brief were his claims that the trial judge (1) improperly remarked
in front of jurors that he had a hunting trip scheduled for the next day that he intended to
be on whether or not a verdict was reached, and (2) made improper ex parte contacts with
the jury during its deliberations to hurry jurors into reaching a verdict.  Doc. No. 6-14 at
11–24.  Maggard presented other claims of trial court error in his appellate brief, but he
does not pursue those claims in his § 2254 petition.

In denying Maggard relief on his claims of trial court error, the Alabama Court of
Criminal Appeals stated :

> [This] Claim . . . alleged various instances of abuse of discretion by the trial
> court.  In his brief on appeal, [Maggard] merely reiterated the comments
> made by the trial judge and cited Rule 3 of the Canons of Judicial Ethics.  In
> his brief he did not argue how the comments listed were a violation of the
> canon, or cite any authority supporting his claim that the comments were a
> violation of the canon.
>
> . . . .
>
> None of [Maggard's] arguments regarding [this] Claim . . .  met the
> requirements of Rule 28(a)(10), Alabama Rules of Appellate Procedure;
> therefore, he has waived consideration of this issue, and is not entitled to
> appellate relief on this claim.

Doc. No. 6-16 at 10.

Rule 28(a)(10) of the Alabama Rules of Appellate Procedure provides that an
argument in an appellant's brief must "contain[ ] the contentions of the appellant/petitioner

with respect to the issues presented, and the reasons therefor, with citations to the cases, statutes, other authorities, and parts of the record relied on." Ala.R.App.P. 28(a)(10).

### 1.  Procedural Default: "Adequate and Independent State Grounds"

Federal habeas review may be unavailable for claims that a state court has rejected on state procedural grounds. *Coleman v. Thompson*, 501 U.S. 722, 729 (1991). When a state prisoner fails to follow state procedural rules, thereby procedurally defaulting on a claim, the authority of federal courts to review the prisoner's state court criminal conviction is "severely restricted." *Johnson v. Singletary*, 938 F.2d 1166, 1173 (11th Cir. 1991). "Federal review of a petitioner's claim is barred by the procedural-default doctrine if the last state court to review the claim states clearly and expressly that its judgment rests on a procedural bar, and that bar provides an adequate and independent state ground for denying relief."[2] *Atkins v. Singletary*, 965 F.2d 952, 955 (11th Cir. 1992); *see Marek v. Singletary*, 62 F.3d 1295, 1301–02 (11th Cir. 1995).

### a.  Rule 28(a)(10), Alabama Rules of Appellate Procedure

---

[2] The United States Supreme Court has stated:

> By its very definition, the adequate and independent state-ground doctrine requires the federal court to honor a state holding that is a sufficient basis for the state court's judgment, even when the state court also relies on federal law. *See Fox Film Corp. v. Muller*, 296 U.S. 207, 210 (1935). Thus, by applying this doctrine to habeas cases, [*Wainwright v. Sykes*, 433 U.S. 72 (1977)] curtails reconsideration of the federal issue on federal habeas as long as the state court explicitly invokes a state procedural bar rule as a separate basis for decision. In this way, a state court may reach a federal question without sacrificing its interests in finality, federalism, and comity.

*Harris v. Reed*, 489 U.S. 255, 264 n.10 (1989).

Maggard's brief from his Rule 32 appeal is in the record.  Doc. No. 6-14.  The inadequacies of that brief regarding Maggard's claims of trial court error are accurately described by the Alabama Court of Criminal Appeals in its memorandum opinion in Maggard's Rule 32 appeal.  *See* Doc. No. 6-16 at 10.  The Court of Criminal Appeals' application of Ala.R.App.P. 28(a)(10) to hold that Maggard waived appellate review of his claims of trial court error constitutes an adequate and independent state procedural ground for denying relief.  *See Harris v. Reed*, 489 U.S. 255, 264 n.10 (1989); *Atkins*, 965 F.2d at 955.  This procedural bar is firmly established and regularly followed by Alabama appellate courts.[3]  *See, e.g., Hamm v. State*, 913 So.2d 460, 486 & 490–91 (Ala. Crim. App. 2002); *Gay v. State*, 562 So.2d 283, 289 (Ala. Crim. App. 1990).  Consequently, Maggard's present claims of trial court error are procedurally defaulted.  *See, e.g., Hamm v. Allen*, 2013 WL 1282129, at *19–21 (N.D. Ala. Mar. 27, 2013) (petitioner's claims were procedurally defaulted where Alabama Court of Criminal Appeals found that such claims were waived due to petitioner's failure to comply with Ala.R.App.P. 28); *Bester v. Patterson*, 2013 WL 6191520 at *11–12 (N.D. Ala. Nov. 26, 2013) (same).

### b.  Rule 32.2(a)(5), Alabama Rules of Criminal Procedure

In denying Maggard relief on his Rule 32 claims of trial court error, the trial court found that such claims were procedurally barred under Rule 32.2(a)(5) of the Alabama Rules of Criminal Procedure, "as they either were raised or could have been raised on direct appeal of [Maggard's] underlying case."  Doc. No. 6-12 at 193.  The state court's

---

[3] In order to bar federal review, the state procedural bar must have been "firmly established and regularly followed" at the time of the alleged default. *Ford v. Georgia*, 498 U.S. 411, 424 (1991).

application of Ala.R.Crim.P. 32.2(a)(5) constitutes an adequate and independent state procedural ground for denying relief. *Harris*, 489 U.S. at 264 n.10. This procedural bar is firmly established and regularly followed by Alabama appellate courts. *See, e.g., Tucker v. State*, 696 So.2d 1170, 1171–73 (Ala. Crim. App. 2006); *Brownlee v. Haley*, 306 F.3d 1043, 1065–66 (11th Cir. 2002). Consequently, Maggard's claims of trial court error are procedurally defaulted on this basis as well.

### c.  Exceptions to Procedural Default

A habeas petitioner can overcome a procedural default either through showing cause for the default and resulting prejudice, *Murray v. Carrier*, 477 U.S. 478, 488 (1986), or establishing a "fundamental miscarriage of justice," which requires a colorable showing of actual innocence, *Schlup v. Delo*, 513 U.S. 298, 324–27 (1995). Cause for a procedural default must ordinarily turn on whether the petitioner can show that some objective factor external to the defense impeded efforts to comply with the state's procedural rules. *Murray*, 477 U.S. at 488; *United States v. Frady*, 456 U.S. 152, 170 (1982). Examples of such external impediments include a factual or legal basis for a claim not reasonably available, interference with the defense by government officials, or constitutionally ineffective assistance of counsel. *Murray*, 477 U.S. at 488. To establish prejudice, a petitioner must show that the errors worked to his "actual and substantial disadvantage, infecting his entire [proceeding] with error of constitutional dimensions." *Id.* at 494 (internal quotations and emphasis omitted). Prisoners asserting actual innocence as a gateway to review of defaulted claims must establish that, in light of new evidence, "it is

more likely than not that no reasonable juror would have found [the] petitioner guilty beyond a reasonable doubt."[4]  *Schlup*, 513 U.S. at 327.

Maggard sets forth no grounds as cause excusing his procedural default.  Further, he does not argue that the actual-innocence exception provides a gateway for review of his procedurally defaulted claims.  Because Maggard fails to demonstrate cause or actual innocence excusing his procedural default, his claims of trial court error are foreclosed from federal habeas review.

### 2.   *Procedural Default: Failure to Exhaust*

As indicated above, Maggard did not pursue all of his claims of trial court error in his brief on appeal from the denial of his Rule 32 petition.  His appellate brief did not mention his claims, presented in his Rule 32 petition, that the trial court abused its discretion by (1) instructing the jury that his testimony was not credible because he had an interest in the outcome of the proceedings and (2) allowing a State's expert to give her opinion on whether she believed the victim was credible.  (Maggard also did not raise these claims on direct appeal.)

---

[4] "[T]he *Schlup* standard is demanding and permits review only in the 'extraordinary' case."  *House v. Bell*, 547 U.S. 518, 538 (2006).  As the Supreme Court observed in *Schlup*:

> [A] substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare. . . .  To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial.  Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful.

513 U.S. at 324.

Before a § 2254 petitioner may obtain federal habeas corpus review, he must "exhaust" his federal claims by raising them in the appropriate court, allowing the state courts to decide the merits of the constitutional issue raised. 28 U.S.C. § 2254(b)(1) & (c); *Duncan v. Walker*, 533 U.S. 167, 178–79 (2001). To exhaust a claim fully, a petitioner must "invok[e] one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). In Alabama, a complete round of the established appellate review process includes an appeal to the Alabama Court of Criminal Appeals, an application for rehearing to that court, and a petition for discretionary review— a petition for a writ of certiorari—filed in the Alabama Supreme Court. *Smith v. Jones*, 256 F.3d 1135, 1140–41 (11th Cir. 2001); Ala.R.App.P. 39 & 40. The exhaustion requirement applies to state post-conviction proceedings and to direct appeals. *See Pruitt v. Jones*, 348 F.3d 1355, 1359 (11th Cir. 2003).

Habeas claims not properly exhausted in the state courts are procedurally defaulted if presentation of the claims in state court would be barred by state procedural rules. *Gray v. Netherland*, 518 U.S. 152, 161–62 (1996); *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991). "[I]f the petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred[,] . . . there is a procedural default for purposes of federal habeas." *Coleman*, 501 U.S. at 735 n.1 (citations omitted); *see Henderson v. Campbell*, 353 F.3d 880, 891 (11th Cir. 2003).

The state appellate court was never presented with Maggard's claims that the trial court abused its discretion by (1) instructing the jury that Maggard's testimony was not

credible because he had an interest in the outcome of the proceedings[5] and (2) allowing a State's expert to give her opinion on the victim's credibility.   Therefore, Maggard did not exhaust these claims in the state courts.   Maggard may no longer return to the state courts to exhaust these claims because the time for him to file any state appeal asserting these claims has long since passed.   Thus, the exhaustion and preclusion rules coalesce into the procedural default of these claims.   *See Coleman*, 501 U.S. at 735 n.1; *Henderson*, 353 F.3d at 891. Because Maggard sets forth no grounds as cause excusing his procedural default and he does not argue the actual-innocence exception for defaulted claims, these claims are also foreclosed from federal habeas review on this basis.

### 3.   *Judicial Bias: Trial Judge's Comments and Ex Parte Contacts with Jury*

As noted above, Maggard pursued only two of his present claims of trial court error in his brief on appeal from the denial of his Rule 32 petition, specifically, his claims that that the trial judge (1) improperly remarked in front of jurors that he had a hunting trip

---

[5] The court notes that this claim, as presented in Maggard's Rule 32 petition and in his § 2254 petition, is based on Maggard's misquotation of the trial court's jury instructions.  Maggard misquotes the trial court as instructing jurors that Maggard's testimony was not credible because he had an interest in the outcome of the proceedings.  The trial court's actual instructions in the portion of the record cited by Maggard were:

> Now, the defendant has taken the stand and testified in this case, which he has the perfect right to do.  The law says that you cannot just capriciously disregard his testimony, but naturally you can take into account, of course, the fact that he is the defendant and naturally he does have an interest in the outcome of your verdict.

Doc. No. 12-3 at 85.  Contrary to the assertions of Maggard, this instruction did not tell the jury that Maggard's testimony was not credible; it just told the jury that it could "take into account" his interest in the outcome in weighing his testimony.  Moreover, this instruction was part of the trial court's general instructions regarding witness credibility, where the trial court also instructed jurors to consider, among other things, "any particular or special interest or bias in the case" of all the testifying witnesses.  *See* Doc. No. 12-3 at 82–85.  There was no error in these jury instructions.

scheduled for the next day that he intended to be on whether or not a verdict was reached, and (2) made improper ex parte contacts with the jury during its deliberations to hurry jurors into reaching a verdict.  *See* Doc. No. 6-14 at 11–24.  Even if these claims were not procedurally defaulted based on adequate and independent state procedural grounds via the state courts' application of Ala.R.App.P. 28(a)(10) and Ala.R.Crim.P. 32.2(a)(5), the claims would fail on the merits nonetheless.

The complained-of comments and actions by the trial judge do not appear in the trial transcript.  Maggard bases his claims on affidavits submitted by his mother and an individual named Robert C. Aldrich.  Doc. No. 6-12 at 166 & 184.  It appears from the averments of Maggard's mother that the alleged remarks by the trial judge about his hunting trip were made outside the jury's presence, after the jury had begun deliberations.  Doc. No. 6-12 at 184.  At any rate, there is no suggestion that the alleged remarks were overheard by jurors.  Further, the alleged remarks, on their own, are insufficient to demonstrate bias by the trial judge against Maggard.  "[J]udicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge," and will do so only where "they reveal such a high degree of favoritism or antagonism as to make fair judgment impossible."  *Liteky v. United States*, 510 U.S. 540, 555 (1994); *see Christo v. Padgett*, 223 F.3d 1324, 1334 (11th Cir. 2000).  The alleged remarks by the trial judge here demonstrate no bias against Maggard.  Therefore, Maggard is not entitled to habeas relief on this claim.

As to the trial judge's alleged ex parte contacts with the jury, supposedly hurrying jurors in their deliberations, the affidavits of Maggard's mother and Aldrich conflict on the

point of whether the judge himself contacted the jurors, or the judge sent someone to contact jurors on his behalf.  Maggard's mother states that the judge "sent someone to check on the jury at least three times before they reached a decision."  Doc. No. 6-12 at 184.  Aldrich, however, maintains that the judge himself went three times into the jury room while the jury was sequestered "to speed them along."  Doc. No. 6-12 at 166.  The conflict on this point undermines the reliability of the affidavits.  Further, there is no apparent basis for the affiants to have known what was said to jurors during the alleged ex parte contacts, whether by the trial judge or someone acting on his behalf.  The record contains no statements from any jurors addressed to the alleged contacts or to the contents of any statements supposedly made to them.  As noted, the trial transcript contains no indication that the trial judge or anyone else interacted with jurors during deliberations to speed them along in reaching a verdict.  The transcript does, however, reflect that twice during deliberations, the jury relayed questions on the evidence and the law to the trial judge, who then relayed his answers to the jury.  Doc. No. 12-3 at 90–91.  There is no indication that such matters included admonitions by the judge for the jury to hurry up with its verdict.  Maggard fails to prove his claim that the trial judge, through improper ex parte contacts, hurried the jury into reaching its verdict.  Therefore, he is not entitled to habeas relief on this claim.

**B.   Prosecutorial Misconduct**

Maggard's § 2254 petition presents claims of prosecutorial misconduct.  First, Maggard claims that the prosecutor improperly insinuated during closing arguments that the absence of defense witnesses, and the absence of Maggard's mother from the courtroom

until the second day of trial, was evidence of Maggard's guilt.  Doc. No. 1 at 8; Doc. No. 2 at 14–15 & 43–46.  Next, Maggard claims that the prosecutor improperly asked him during cross-examination if he was calling the victim a liar.  Doc. No. 1 at 8; Doc. No. 2 at 15 & 46–48.  Maggard also claims that the prosecutor improperly vouched for the victim's credibility during closing arguments.  Doc. No. 1 at 8; Doc. No. 2 at 15 & 46–50.  Finally, Maggard claims that the prosecutor committed misconduct by failing to answer nine of the allegations in his Rule 32 petition.  Doc. No. 1 at 8; Doc. No. 2 at 15–16 & 50–53.

Maggard asserted the first two of these claims of prosecutorial misconduct in his Rule 32 petition, and he then pursued one of the two claims—regarding the prosecutor's comments about absent witnesses—on appeal from the denial of his Rule 32 petition.  Doc. No. 6-12 at 66–69; Doc. No. 6-14 at 24–26.  Although not pursued on appeal from the denial of his Rule 32 petition, Maggard's claim that the prosecutor improperly asked him if he was calling the victim a liar was pursued and exhausted by Maggard in his direct appeal.[6]  Maggard's claim regarding the prosecutor's alleged vouching for the victim during closing arguments is raised by Maggard for the first time anywhere in his § 2254 petition.

In its order denying Maggard's Rule 32 petition, the trial court found that his claims of prosecutorial misconduct were, like his claims of trial court error, procedurally barred under Rule 32.2(a)(5) of the Alabama Rules of Criminal Procedure, because they "were

---

[6] This is the only claim of prosecutorial misconduct presented by Maggard on direct appeal, although there he framed the claim in terms of trial court error for allowing the prosecutor to ask him during cross-examination if he was calling the victim a liar.

raised or could have been raised on direct appeal[.]"  Doc. No. 6-12 at 193.  In affirming the Rule 32 court's judgment and denying Maggard relief on his claims of prosecutorial misconduct, the Alabama Court of Criminal Appeals stated:

> In [this] Claim . . . [Maggard] alleged various instances of prosecutorial misconduct.  In his brief, [Maggard] listed claims, and states in his argument that his allegations were not refuted by the State and must be taken as true.  However, [Maggard] failed to cite any authority showing the conduct of the prosecutor as described in his petition was misconduct.
>
> None of [Maggard's] arguments regarding [this] Claim . . .  met the requirements of Rule 20(a)(10), Alabama Rules of Appellate Procedure; therefore, he has waived consideration of this issue, and is not entitled to appellate relief on this claim.

Doc. No. 6-16 at 10–11.

### 1.   Prosecutor's Comments about Absent Witnesses

As already noted, of the claims of prosecutorial misconduct presented in Maggard's § 2254 petition, only one claim—Maggard's claim that the prosecutor improperly commented on absent witnesses—was pursued by Maggard in his appeal from the denial of his Rule 32 petition.  Thus, for purposes of this Recommendation, the Alabama Court of Criminal Appeals' application of Ala.R.App.P. 28(a)(10) to Maggard's brief in his Rule 32 appeal applies only to Maggard's claim regarding the prosecutor's comments about absent witnesses.  The inadequacies of Maggard's appellate brief regarding this claim are accurately described by the Alabama Court of Criminal Appeals.  *See* Doc. No. 6-16 at 10–11.  The Court of Criminal Appeals' application of Rule 28(a)(10) constitutes an adequate and independent state procedural bar firmly established and regularly followed by Alabama appellate courts.  *Hamm*, 913 So.2d at 486 & 490–91; *Gay*, 562 So.2d at 289.

Consequently, Maggard's claim regarding the prosecutor's comments on absent witnesses is procedurally defaulted. *See Hamm*, 2013 WL 1282129, at *19–21; *Bester*, 2013 WL 6191520 at *11–12.

This claim is also procedurally defaulted in light of Ala.R.Crim.P 32.2(a)(5). In denying Maggard relief on his Rule 32 claims of prosecutorial misconduct, the trial court found that such claims were procedurally barred under Rule 32.2(a)(5). Doc. No. 6-12 at 193. The state court's application of Ala.R.Crim.P. 32.2(a)(5) constitutes an adequate and independent state procedural ground based on a procedural bar firmly established and regularly followed by Alabama appellate courts. *See, e.g., Tucker v. State*, 696 So.2d 1170, 1171–73 (Ala. Crim. App. 2006); *Brownlee v. Haley*, 306 F.3d 1043, 1065–66 (11th Cir. 2002).

Maggard has set forth no grounds as cause excusing his procedural default, and he does not argue actual innocence as a gateway for review of this defaulted claim. Therefore, his claim regarding the prosecutor's comments about absent witnesses is foreclosed from federal habeas review.

### 2. *Improper Vouching*

Turning to Maggard's claim that the prosecutor improperly vouched for the victim during closing arguments, this claim is (as noted) raised for the first time in Maggard's § 2254 petition. Because this claim was not previously raised, Maggard did not exhaust the claim in the state courts; and he may no longer return to the state courts to do so. The exhaustion and preclusion rules coalesce into the procedural default of this claim. *Coleman*, 501 U.S. at 735 n.1; *Henderson*, 353 F.3d at 891. Because Maggard sets forth

no grounds as cause excusing his procedural default and he does not argue the actual-innocence exception, his claim of improper vouching is foreclosed from federal habeas review.

### 3.   *Prosecutor's Improper Question During Cross-Examination*

Maggard's third claim of prosecutorial misconduct, that the prosecutor improperly asked him on cross-examination if he was calling the victim a liar, was presented by Magwood on direct appeal and was exhausted in the state courts.  In its memorandum opinion affirming Magwood's convictions and sentence on direct appeal, the Alabama Court of Criminal Appeals addressed this claim on the merits.  Because this claim was adjudicated on the merits by the state courts, it is subject to review under 28 U.S.C. § 2254(d) and will be discussed below in this Recommendation (Part II.C.1).

### 4.   *State Law Claim: Prosecutor's Failure to Answer Allegations*

Maggard claims that the prosecutor committed misconduct by failing to answer nine of the allegations in his Rule 32 petition.  Doc. No. 1 at 8; Doc. No. 2 at 15–16 & 50–53. Maggard is due no habeas relief on this claim, which concerns only an alleged deficiency in the Rule 32 proceedings.  A claim alleging errors in a state collateral proceeding cannot serve as a basis for federal habeas relief regarding a state conviction, because it constitutes an attack on a proceeding collateral to the detention and not the detention itself.  *Quince v. Crosby*, 360 F.3d 1259, 1261–62 (11th Cir. 2004); *see Nichols v. Scott*, 69 F.3d 1255, 1275 (5th Cir. 1995).  Furthermore, to the extent Maggard may base this claim on an alleged violation of state law, for example the prosecutor's alleged noncompliance with Ala.R.Crim.P. 32.7(a) (which concerns a prosecutor's obligation to file a response to a

Rule 32 petition), he is likewise entitled to no relief, because a state court's interpretation of its own laws and rules provides no basis for federal habeas relief. *Beverly v. Jones*, 854 F.2d 412 (11th Cir. 1988); *see Estelle v. McGuire*, 502 U.S. 62 (1991).

**C.     Habeas Review of Claims Adjudicated on Merits by State Court**

"When it enacted the Antiterrorism and Effective Death Penalty Act of 1996 ('AEDPA'), Congress significantly limited the circumstances under which a habeas petitioner may obtain relief." *Hardy v. Allen*, 2010 WL 9447204, at *7 (N.D. Ala. Sep. 21, 2010). To prevail on a § 2254 claim adjudicated on the merits by the state courts, a petitioner must show that a decision by the state courts was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or was "based on an unreasonable determination of the facts, in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1) & (2); *see Williams v. Taylor*, 529 U.S. 362, 404–05 & 412–13 (2000).

A state court's decision is "contrary to" federal law either if it fails to apply the correct controlling authority, or if it applies the controlling authority to a case involving facts "materially indistinguishable" from those in a controlling case, but nonetheless reaches a different result. *Williams*, 529 U.S. at 404–06; *Bell v. Cone,* 535 U.S. 685, 694 (2002). A state court's decision is an "unreasonable application" of federal law if it either correctly identifies the governing rule but then applies it to a new set of facts in a way that is objectively unreasonable, or it extends or fails to extend a clearly established legal principle to a new context in a way that is objectively unreasonable. *Williams*, 529 U.S. at 407.

"Objectively unreasonable" means something more than an "erroneous" or "incorrect" application of clearly established law, and a reviewing federal court may not substitute its judgment for the state court's even if the federal court, in its own independent judgment, disagrees with the state court's decision.  *See Williams*, 529 U.S. at 411; *Lockyer v. Andrade,* 538 U.S. 63, 76 (2003).  The reviewing court "must determine what arguments or theories supported or . . . could have supported[ ] the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of [the Supreme] Court." *Harrington v. Richter*, 562 U.S. 86, 102 (2011).  "This is a 'difficult to meet,' and 'highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt.'"  *Cullen v. Pinholster*, 536 U.S. 170, 181 (2011) (internal citations omitted).

Federal courts are likewise directed to determine whether the state court based its findings on "an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d)(2).  A federal court "may not characterize these state-court factual determinations as unreasonable 'merely because [we] would have reached a different conclusion in the first instance.'"  *Brumfield v. Cain*, 135 S. Ct. 2269, 2277 (2015) (citation omitted) (alteration in original).  A state court's determinations of is "presumed to be correct," and the habeas petitioner "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence."  28 U.S.C. § 2254(e)(1).

### 1. *Prosecutor's "Is She Lying" Question During Cross-Examination*

Maggard claims that the prosecutor improperly asked him during cross-examination if he was calling the victim a liar.  Doc. No. 1 at 8; Doc. No. 2 at 15 & 46–48.  He maintains that the prosecutor's question asking him for his opinion on the credibility of another witness invaded the province of the jury, constituted prosecutorial misconduct, and deprived him of a fair trial.  Doc. No. 2 at 46–48.  Maxwell presented this claim on direct appeal.  Addressing the claim, the Alabama Court of Criminal Appeals stated:

> The victim in this case was [Maggard]'s youngest daughter, H.M.  During cross-examination, the State asked [Maggard] about a certain bicycle that he purchased for H.M.  According to [Maggard], he bought the bicycle for H.M. as a birthday present.  The following exchange took place at trial:
>
>> "[State]:  Okay, so let's go back to [H.M.].  [H.M.] testified that that bike was for no special occasion?
>>
>> "[Maggard]:  Yeah.  She said that, yes, ma'am.
>>
>> "[State]:  Okay.  Are you calling [H.M.] a liar?
>>
>> "[Maggard]:  I'm not calling her a liar.  She—
>>
>> "[Defense Counsel]:   Your Honor, I object to asking this witness to comment on whether another witness is a liar.
>>
>> "The Court:  Overruled.
>>
>> "[State]:  The question was, and it's a yes or no, are you calling [H.M.] a liar?
>>
>> "[Maggard]:  No, I'm not calling her a liar."
>
> (R. 313–14.)   At that point, the State moved on to a different line of questioning.
>
> On appeal, [Maggard] contends that the trial court erred by allowing the State to ask him whether H.M. was a liar.  He cited *United Stated v. Schmitz*, 634 F.3d 1247, 1268 (11th Cir. 2011), which held "that it is improper to ask a testifying defendant whether another witness is lying."

However, because the 11th Circuit found that the "were-they-lying" questions did not amount to plain error,* it did not address whether the errors affected the defendant's substantial rights. *Id*. at n.14.

> [**Note \***: The defendant in *Schmitz* failed to preserve the issue by objecting to the line of questioning at trial. Therefore, the Eleventh Circuit only reviewed for plain error.]

[Maggard] stated, without any citation to authority, that the admission of the testimony about whether he believed the victim to be a liar "constituted error for which reversal is required." ([Maggard]'s brief at 13.) However, this Court will not reverse a judgment of a lower court relating to the improper admission of evidence unless it appears that the error "has probably injuriously affected substantial rights" of a defendant. Rule 45, Ala.R.App.P. *See also Ex parte Thomas*, 766 So. 2d 975, 979 (Ala. 2000) ("Conducting even a preserved-error review, an appellate court in Alabama will not reverse an error unless it has substantially prejudiced the party seeking the review."); *Ex parte Hutcherson*, 677 So. 2d 1205, 1209 (Ala. 1996) ("In order to secure a reversal of a judgment, an appellant not only must show error, but also must demonstrate that the error resulted in a substantial injury.")

[Maggard] failed to explain how he was prejudiced in any way by the admission of this testimony. In *Schmitz*, the prosecutor "called out the names of twelve witnesses who had testified in the case and asked [the defendant] if they should be added to the 'list' of purported liars." *United States v. Schmitz*, 634 F. 3d 1247 at 1267. Additionally, the prosecutor referenced the line of questioning several times during closing arguments. A review of the record in the present case reveals that the State asked [Maggard] one question regarding whether H.M. was lying and then moved on to a different line of questioning. There is nothing to suggest that this single question "injuriously affected" [Maggard]'s "substantial rights." *See* Rule 45, Ala.R.App.P. Accordingly, the error, if any, was harmless and does not warrant reversal.

Doc. No. 6-6 at 2–3 (footnote number removed).

To find prosecutorial misconduct based on allegedly improper questions or comments, a two-element test must be met: (1) the questions or comments must be improper, and (2) the questions or comments must prejudicially affect the substantial rights of the defendant. *See United States v. Wilson*, 149 F.3d 1298, 1301(11th Cir.1998).

This court has carefully reviewed the trial record and concludes that Maggard has not rebutted the presumption of correctness given to the Alabama state court determination of fact.  28 U.S.C. § 2254(d)(2) & (e)(1).  Nor has Maggard shown that the state court decision finding he was not substantially prejudiced by the prosecutor's isolated, if improper, question was contrary to, or an unreasonable application of, clearly established federal law as determined by the Supreme Court.  *See* 28 U.S.C. § 2254(d); *Williams*, 529 U.S. at 404–05 & 412–13.  Maggard is therefore not entitled to habeas relief on this claim.

### 2. *Claims of Ineffective Assistance of Trial Counsel*

> a.  Maggard's Ineffective-Assistance Claims Are Procedurally Defaulted.

Maggard's § 2254 petition presents claims that his trial counsel rendered ineffective assistance by failing to:

(a)  conduct pretrial investigation (Doc. No. 1 at 5; Doc. No. 2 at 8–9 & 17–22);

(b)  obtain the report from Child Protect's initial interview with the victim (Doc. No. 1 at 5; Doc. No. 2 at 9–10 & 22–25);

(c)  object to the trial court's bias (Doc. No. 1 at 5; Doc. No. 2 at 10-11 & 31–35);

(d)  request that the State "make an election under the 'Doctrine of Election' rule" about which incidents of sodomy and sexual abuse the jury should consider in its deliberations (Doc. No. 1 at 5; Doc. No. 2 at 10 & 25–30); and

(e)  properly cross-examine one of the State's expert witnesses (Doc. No. 1 at 5; Doc. No. 2 at 11–12).

Maggard asserted these ineffective-assistance claims in his Rule 32 petition.  Doc. No. 6-12 at 9–47.  In denying relief on the claims, the trial court found:

Maggard was represented at the trial and appellate level by Hon. Thomas M. Goggans. Mr. Goggans is one of the premier criminal defense lawyers in Alabama and has practiced before this Court on numerous occasions over the last 26 years. As retained counsel, Mr. Goggans's conduct and decisions were far from ineffective. All decisions regarding the questioning of witnesses and the decisions on which witnesses to call to testify were the result of sound experience and tactical decisions. Hence, the Court finds that Mr. Goggans's representation was quite effective, even though Maggard did not get the result he had hoped for.

Doc. No. 6-12 at 193.

In affirming the Rule 32 court's judgment, the Alabama Court of Criminal Appeals held that the trial court was correct in denying Maggard's claims of ineffective assistance of trial counsel, because "none of them met the specificity requirements of Rule 32.6(b), Ala.R.Crim.P.,[7] and the pleading requirements of Rule 32.3, Ala.R.Crim.P."[8] Doc. No. 6-16 at 7. The Alabama Court of Criminal Appeals further held:

Moreover, on appeal, [Maggard] merely argued that the State's allegations of preclusion [in its response to the ineffective-assistance-of-trial-counsel claims in Maggard's Rule 32 petition] were incorrect and that the allegations in his petition must be taken as true because the State failed to controvert the facts he alleged. However, [Maggard] merely listed his claims of ineffective assistance of counsel and made no effort to show that the facts as presented in his petition did constitute ineffective assistance of counsel, nor did he provide any authority apart from general citations of authority defining ineffective assistance of counsel, specifically discussing how the law supported any of his factual claims.

None of [Maggard's] arguments regarding [his claims of ineffective assistance of trial counsel] met the requirements of Rule 28 (a)(10), Alabama Rules of Appellate Procedure.

---

[7] Rule 32.6(b) provides: "Each claim in the [Rule 32] petition must contain a clear and specific statement of the grounds upon which relief is sought, including full disclosure of the factual basis of those grounds. A bare allegation that a constitutional right has been violated and mere conclusions of law shall not be sufficient to warrant any further proceedings." Ala.R.Crim.P. 32.6(b).

[8] Rule 32.3 states, in pertinent part, that "[t]he petitioner shall have the burden of pleading and proving by a preponderance of the evidence the facts necessary to entitle the petitioner to relief." Ala.R.Crim.P. 32.3.

. . . .

Therefore, [Maggard] has waived consideration of this issue, and is not entitled to appellate relief on this claim.

Doc. No. 6-16 at 9–10.

The inadequacies of Maggard's appellate brief regarding his claims of ineffective assistance of trial counsel are accurately described by the Alabama Court of Criminal Appeals.  *See* Doc. No. 6-16 at 10–11.  The Court of Criminal Appeals' application of Rule 28(a)(10) constitutes an adequate and independent state procedural bar firmly established and regularly followed by Alabama appellate courts.  *Hamm*, 913 So.2d at 486 & 490–91; *Gay*, 562 So.2d at 289.  Consequently, Maggard's claims of ineffective assistance of trial counsel are procedurally defaulted on this basis.  *See Hamm*, 2013 WL 1282129, at *19–21; *Bester*, 2013 WL 6191520 at *11–12.  Maggard sets forth no grounds as cause excusing his procedural default, and he does not argue actual innocence as a gateway for review of his defaulted ineffective-assistance claims.  Therefore, his claims of ineffective assistance of trial counsel are foreclosed from federal habeas review.

   b. <u>Maggard's Ineffective-Assistance Claims Also Fail on the Merits</u>.

Besides applying Rule 28(a)(10) to Maggard's claims of ineffective assistance of trial counsel (an adequate and independent state procedural bar), the Alabama Court of Criminal Appeals found that none of Maggard's ineffective-assistance claims met the pleading and specificity requirements of Ala.R.Crim. 32.3 & 32.6(b).  Doc. No. 6-16 at 7.  Eleventh Circuit precedent holds that a ruling by an Alabama court under Rule 32.6(b) is

an adjudication on the merits. *Borden v. Allen*, 646 F.3d 785, 812 (11th Cir. 2011); *Powell v. Allen*, 602 F.3d 1263, 1272 (11th Cir. 2010). Even if this court looks past the Alabama Court of Criminal Appeals' application of Rule 28(a)(10) in precluding appellate review of Maggard's ineffective-assistance claims, to examine the reasonableness of that court's adjudication of the merits of the ineffective-assistance claims under the standard of 28 U.S.C. § 2254(d), Maggard fails to demonstrate his entitlement to habeas relief on these claims.

*Strickland v. Washington*, 466 U.S. 668 (1984), sets forth the clearly established federal law on claims of ineffective assistance of counsel and requires that a petitioner alleging ineffective assistance establish that his counsel's performance was deficient and that he was actually prejudiced by the inadequate performance. 466 U.S. at 687. This requires showing both that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment," and that "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* The petitioner must demonstrate that counsel's performance "fell below an objective standard of reasonableness," *id.* at 688, and that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," *id.* at 694.

An attorney's performance is presumed to have been reasonable and must not be examined aided by judicial hindsight. *Messer v. Kemp*, 760 F.2d 1080, 1088 (11th Cir. 1985). Federal courts apply a "heavy measure of deference to counsel's judgments." *Singleton v. Thigpen*, 847 F.2d 668, 670 (11th Cir. 1988) (quoting *Strickland*, 446 U.S. at

691).  A federal court's § 2254 review under *Strickland* is another step removed from the original analysis, or as the Supreme Court puts it, "doubly deferential."  *Burt v. Titlo*w, 134 S.Ct. 10, 13 (2013) (quotation marks and citation omitted); *see Tanzi v. Sec'y, Florida Dep't of Corr.,* 772 F.3d 644, 652 (11th Cir. 2014) (quoting *Burt*).  This court has carefully reviewed the record and concludes that Maggard has not rebutted by clear and convincing evidence the presumption of correctness given to the Alabama state court determinations of fact; he has not shown that the state court rulings in his case were an unreasonable application of *Strickland* or any other federal law as determined by the United States Supreme Court; and he has not shown the decisions were based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.  *See* 28 U.S.C. § 2254(d).

*Pretrial Investigation*

In claiming that his trial counsel did not conduct pretrial investigation, Maggard specifically argues only that his counsel should have interviewed the victim's doctor and the nurse at Child Protect who examined the victim, who Maggard says (without offering proof) found no physical signs of sexual abuse in the victim.  Doc. No. 2 at 8–9 & 17–22. However, Maggard does not show there was any information or testimony the examining doctor and nurse could have provided that was materially beneficial to his defense. Moreover, the nature of Maggard's alleged physical contact with the victim was not the sort likely to be evidenced in later physical examinations.  Maggard cannot show he was prejudiced by his trial counsel's alleged deficiencies.  His conclusory allegations of ineffective assistance provide no information from which this court can find either

deficiency or prejudice.  *See, e.g., United States v. Goss*, 646 F.Supp.2d 137, 143–44 (D.D.C. 2009).  This claim entitles Maggard to no relief.

*Child Protect's Initial Interview with Victim*

In claiming that his trial counsel was ineffective for failing to obtain the report from Child Protect's[9] initial interview with the victim, Maggard argues that his counsel, by failing to obtain the report, lost the opportunity to impeach the victim with alleged inconsistencies between her statements in the initial interview, her later statements, and her testimony at trial.  Doc. No. 2 at 9–10 & 22–25.  It is unclear what Maggard means in his reference to an initial interview that his counsel failed to obtain.  During the trial, various witnesses provides testimony (and videotapes were shown to the jury) regarding Child Protect's first and later interviews with the victim.  More than one witness testified that, in her initial interview, the victim avoided telling the interviewer she had been sexually abused.  Thus, the jury was well aware that there were inconsistencies between the victim's statements in the initial interview and her statements in later interviews and her trial testimony.

If, in making this claim, Maggard is referring to the notes compiled by Abraham White, one of the State's experts and a counselor at Child Protect who had multiple counselling sessions with the victim after her allegations of abuse, the record reflects that Maggard's counsel was provided with these notes at trial, after the victim testified and before White testified.  Maggard's counsel extensively cross-examined White on the

---

[9] Child Protect is a children's advocacy center that interviews and provides support to children who are alleged victims of physical and sexual abuse.

contents of the notes.  Maggard shows no resulting prejudice from not having these notes to use in cross-examining the victim.  Indeed, he wholly fails to demonstrate any impeachment value such notes had regarding the victim's testimony.  Maggard's failure to show prejudice here forecloses relief on this claim of ineffective assistance of counsel.

### Trial Court Bias

Maggard claims that his trial counsel was ineffective for failing to object to the trial court's bias.  *See* Doc. No. 2 at 10-11 & 31–35.  However, none of the record statements by the trial court pointed to by Maggard reflect antagonism or bias against Maggard.  A careful review of the record reveals no indication of bias by the trial court.  As to Maggard's claims of bias involving the trial court's alleged remarks about a hunting trip he intended to go on and the trial court's alleged ex parte contacts with the jury, Maggard fails to show that the trial court's remarks reflected bias and fails to support his allegation of ex parte contacts.  Further, Maggard's allegations indicate that the alleged remarks and ex parte contacts took place outside the presence of his trial counsel, without counsel's knowledge.  Maggard's counsel could not be ineffective for failing to object to remarks and actions he could not reasonably have known about.  This claim of ineffective assistance of counsel provides no basis for habeas relief.

### Election

Maggard claims his trial counsel was ineffective for failing to request that the State "make an election under the 'Doctrine of Election' rule" about which incidents of sodomy and sexual abuse the jury should consider in its deliberations.  Doc. No. 2 at 10 & 25–30.  The charges against Maggard were based on factually distinct acts of sodomy and sexual

abuse, and Maggard asserted a blanket defense denying all the allegations and seeking to undermine the credibility of the victim and other State's witnesses. Ultimately, the jury resolved the basic credibility dispute against Maggard and could have convicted him of any of the various offenses shown by the evidence to have been committed. Under the circumstances, Maggard demonstrates no prejudice resulting from his counsel's failure to request that the State "make an election under the 'Doctrine of Election' rule." *See, e.g., People v. Moore* 211 Cal.App.3d 1400, 1415–16 (1989); *People v. Winkle*, 206 Cal.App.3d 822, 828–30 (1988). Therefore, Maggard is not entitled to habeas relief on this claim.

### Cross-Examination of State's Expert

Maggard claims that his trial counsel was ineffective for failing to properly cross-examine the State's expert Jana Zuelzke, a forensic interviewer with Child Protect who interviewed the victim. Doc. No. 2 at 11–12. Maggard's cursory argument here does not show how a different line of cross-examination of this witness would have benefitted his defense. He merely invites speculation about what might have happened had his attorney pursued further cross-examination.

The decision to cross-examine a witness and the manner in which it is conducted are tactical decisions "well within the discretion of a defense attorney." *Fugate v. Head*, 261 F.3d 1206, 1219 (11th Cir.2001) (quoting *Messer v. Kemp*, 760 F.2d 1080, 1090 (11th Cir.1985)). Trial counsel is not ineffective simply for failing to elicit other testimony from those that testified. *Id*. at 1220. Maggard's conclusory allegation of ineffective assistance provides no information from which this court can find either deficiency or prejudice.

*Goss*, 646 F.Supp.2d at 143–44 (D.D.C. 2009).  Therefore, he may not have relief on this claim of ineffective assistance of counsel.

For the reasons stated above, this court finds Maggard is not entitled to habeas relief on any of his claims of ineffective assistance of counsel.

### III.   CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for writ of habeas corpus under 28 U.S.C. § 2254 be DENIED and this case be DISMISSED with prejudice.

The Clerk of the Court is DIRECTED to file the Recommendation of the Magistrate Judge and to serve a copy on the petitioner.  The petitioner is **DIRECTED to file any objections to this Recommendation on or before May 29, 2018**.  Any objections filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which the petitioner objects.  Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice.  11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE on this 10th day of May, 2018.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE